In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00186-CR


______________________________




DESMOND DENARD BROWN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


 Gregg County, Texas


Trial Court No. 34661-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Desmond Denard Brown filed pro se a notice of appeal August 26, 2008, appealing from a
judgment that imposed his sentence December 12, 2006. 

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) of the Texas Rules of Appellate Procedure
prescribes the time period in which a notice of appeal must be filed by a defendant in order to perfect
appeal in a criminal case. A defendant's notice of appeal is timely if filed within thirty days after the
day sentence is imposed or suspended in open court, or within ninety days after sentencing if the
defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at 522. No
motion for new trial was filed. The last date Brown could timely file his notice of appeal was
January 11, 2007, thirty days after the day the sentence was imposed in open court. See Tex. R. App.
P. 26.2(a)(1). 

 In addition to the notice of appeal being untimely filed, the certification of right of appeal
shows that Brown waived his right of appeal.

 Unless a certification, showing that a defendant has the right of appeal, is in the record, we
must dismiss the appeal. See Tex. R. App. P. 25.2(d). Because the trial court's certification
affirmatively shows Brown has no right of appeal, and because the record before us does not reflect
that the certification is incorrect, see Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005),
we must dismiss the appeal.


 Brown has failed to perfect his appeal. We dismiss the appeal for want of jurisdiction.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 3, 2008

Date Decided: September 4, 2008


Do Not Publish






te had initially identified both Enloe and Francis
Gray as outcry witnesses. Counsel suggests that the evidence at trial possibly showed that the proper
outcry witness was neither Enloe nor Francis Gray, but instead was the child's mother, and that the
trial court thus possibly erred by admitting into evidence, under the outcry statute and over counsel's
objection, Enloe's testimony of what the victim told her about the details of the offense.

 We review the trial court's decision to admit or exclude evidence under an abuse of discretion
standard. See Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996); Montgomery v. State,
810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990). We will not reverse a trial court whose ruling was
within the "zone of reasonable disagreement." Green, 934 S.W.2d at 102; Montgomery, 810 S.W.2d
at 391 (op. on reh'g).

 In cases involving certain sex crimes against children, Article 38.072 provides an exception
to the hearsay rule for testimony by "outcry witnesses" when specific requirements are met. See Tex.
Code Crim. Proc. Ann. art. 38.072 (Vernon 2005). An outcry witness is the first person, eighteen
years of age or older, other than the defendant, to whom the child victim made a statement about the
details of the offense. Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a)(2); Brown v. State, 189
S.W.3d 382, 385 (Tex. App.--Texarkana 2006, pet. ref'd).

 In this case, there was evidence the victim told her mother and grandmother that the abuse
happened, but had not told them the details she told Enloe. The victim testified she had drawn a
picture on the back of an envelope, which arguably had some sexual content once explained or put
into the context of a report about sexual contact, and had given it to her mother about two days after
she returned to Missouri from her visit with Gray. The victim later testified that she had already
provided to Enloe the details of Gray's sexual contact before the victim drew the picture for her
mother. Further, the victim's mother testified that the victim had given her no details of the abuse
and that the mother had contacted police to report generally that her daughter had "a problem." 
Other evidence suggests that the victim had told her mother that Gray had caused her to touch his
penis and then later told Enloe the added detail that he had caused her to masturbate him to climax. (1)

 The evidence was conflicting. Therefore, the trial court had the responsibility to resolve the
conflicting testimony to identify the proper outcry witness, that is, the first adult to whom the offense
was discernibly described. Under the requisite abuse of discretion standard, we must agree with
counsel that the contention of error, although possible, is without merit.

 We have reviewed the possible issue raised by counsel in her appellate brief, and we agree
with her assessment that no reversible error exists. We have, likewise, reviewed the record and agree
with counsel there are no arguable points of error in this case.

 We affirm the judgment of the trial court.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 5, 2006

Date Decided: November 3, 2006


Do Not Publish
1. One concern relative to that evidence is that Gray was charged with indecency with a child
by contact, in that he caused the victim to touch his penis, the act allegedly told to her mother. But
because there is conflicting evidence on what was told, to whom it was told, and when it was told,
we need not address that concern.